# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

JAMEELAH P. GREEN                                      **PLAINTIFF**

**v.**                                **CIVIL ACTION NO. 3:25CV340-MPM-RP**

**SCOTTIE MONTGOMERY, et al.**                        **DEFENDANTS**

## MOTION TO DISMISS

COME NOW Defendants DeSoto County Adult Detention, DeSoto County, Mississippi, and Major Steve Palmer (hereinafter "Defendants"), by and through counsel, and file this motion to dismiss for insufficiency of service of process and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(5-6) of the Federal Rules of Civil Procedure, and in support thereof state as follows:

1. *Pro se* Plaintiff Jameelah P. Green (hereinafter "Plaintiff") filed her Complaint (Doc. 01) on November 24, 2025, setting forth various claims under 42 U.S.C. § 1983 related to her April 22, 2021, arrest for DUI.

2. Summonses were issued for Scottie Montgomery, Deputy Sheriff; Major [Steve] Palmer; DeSoto County, Mississippi; and DeSoto County Adult Detention (Doc. 05).

3. The summons for Scottie Montgomery, Deputy Sheriff, was returned unexecuted (Doc. 06). Summonses for the other three (3) named defendants were returned executed (Doc. 07).

4. The DeSoto County Adult Detention Facility is not a separate legal entity apart from DeSoto County. Just as "a sheriff's department is not a separate legal entity that may be named as a party to a lawsuit, [as] it is merely an extension of the county," the same holds true for a county jail. Donston v. Cain, et al., No. 1:23-cv-00161-TBM-RPM, at *4 (S.D.Miss. May 2, 2024); see also International Fire and Safety, Inc. v. HC Services, Inc. No. 2:06cv63, 2006 WL 2403496, at *1 (S.D.

Miss. Aug. 18, 2006) (dismissal of a complaint is proper as to a non-existent entity). Accordingly, DeSoto County Adult Detention should be dismissed as a named defendant.

5. With respect to service on DeSoto County, Mississippi, Plaintiff "must serve process on the President [of the Board of Supervisors], Chancery Clerk, or Chief Executive Officer." Yowell v. The Bd. of Supervisors of Hinds Cnty., No. 3:23-cv-2969-KHJ-MTP, at *6 (S.D.Miss. Jan. 19, 2024) (citing Fed.R.Civ.P. 4(j)(2); Miss. R. Civ. P. 4(d)(6)). The Mississippi Supreme Court has recognized the chief executive officer of a county is the "Board of Supervisors." Holmes v. Defer, 722 So.2d 624, 628 (Miss. 1998), overruled on other grounds in Carr v. Town of Shubuta, 733 So.2d 261 (Miss. 1999). The 2025 President of the DeSoto County Board of Supervisors was Mark Gardner; the current 2026 President is Jessie Medlin.[1] The DeSoto County Chancery Clerk is Misty Heffner.[2] The service return for DeSoto County, Mississippi, reflects service on Lynn Ford, who is neither the President of the Board of Supervisors nor the Chancery Clerk (Doc. 07 at p. 6).

6. Separate and apart from the above, the applicable statute of limitations period for Plaintiff's §1983 claims is three (3) years. Donston at *5 (citing Miss. Code Ann. § 15-1-49). In her Complaint, Plaintiff alleges that the events giving rise to her claims occurred as a result of her April 22, 2021, arrest for DUI. On February 24, 2022, the DeSoto County Justice Court entered an order of nolle prosequi on the DUI charge.[3] Plaintiff's claims for unreasonable search, unlawful arrest, denial of medical care, and deprivation of property accrued on April 22, 2021 – i.e., the date upon which Plaintiff became aware of her alleged injuries based on such claims – making her

---

[1] https://www.desotocountyms.gov/CivicAlerts.aspx?AID=1007

[2] https://www.desotocountyms.gov/111/Chancery-Clerk

[3] See DeSoto County Justice Court abstract, attached hereto and incorporated herein as Exhibit "A."

Complaint filed on November 24, 2025, untimely. <u>See</u> <u>Harris v. Rivera</u>, No. 3:11-cv-3013-D, at \*14 (N.D. Tex. Jan. 23, 2013). As to any potential remaining §1983 claims, even giving Plaintiff the most favorable date of February 24, 2022, to determine when her claims accrued, this still results in her November 24, 2025, Complaint being untimely filed. <u>See</u> Ex. A.

WHEREFORE, PREMISES CONSIDERED, Defendants move the Court to dismiss Plaintiff's Complaint for insufficiency of service of process and/or failure to state a claim upon which relief can be granted. Due to the nature of this Motion and having cited authorities herein, Defendants request that the Court accept and consider this Motion without an accompanying memorandum brief in support.

Respectfully submitted, on this the 12th day of January, 2026.

/s/ *R. Jeff Allen*

R. Jeff Allen (Bar No. 10593)
Billy C. Campbell, Jr. (Bar No. 10636)
HUNT ROSS & ALLEN
P.O. Box 1196
Clarksdale, MS 38614
662-627-5251 (telephone)
Email: rjallen@huntross.com
      bcampbell@huntross.com
ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I, R. Jeff Allen, hereby certify that I electronically filed the foregoing document with the

Clerk of the Court using the ECF system and also serving all others via the following:

> Jameelah P. Green
> P.O. Box 140284
> Nashville, TN 37214
> Enchanteduniverse7@gmail.com

This, the 12th day of January, 2026.

/s/ <i>R. Jeff Allen</i>

R. Jeff Allen
