**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

JAMEELAH P. GREEN                                                                           PLAINTIFF

V.                                                        CAUSE NUMBER: 3:25-cv-00340-JDM-RP

SCOTTIE MONTGOMERY, et. al.                                                     DEFENDANTS

### ORDER AND MEMORANDUM OPINION

Before the Court is a Motion to Dismiss filed by Defendants Major Steve Palmer, DeSoto County Adult Detention, and DeSoto County, Mississippi (collectively, the Defendants).[1]  The Defendants seek to dismiss pro se Plaintiff Jameelah Green's complaint as time barred under the three-year statute of limitations applicable to "deprivation of rights" claims under 42 U.S.C. § 1983.  [10]  Green filed her complaint in 2025 based on a 2021 DUI arrest she contends was unlawful.  [1]

Because Green filed her complaint more than three years after her arrest, this Court agrees with the Defendants that it is time barred.  Green disagrees and generally claims the limitations period should be tolled because of her alleged mental depression and other issues.  But she has plead no extraordinary circumstances that warrant equitable tolling.  So the three-year statute of limitations bars her claims.  This Court **GRANTS** the Defendants' motion to dismiss.

### Facts and Procedural History

Green alleges that on April 22, 2021, Defendant Scottie Montgomery—a former deputy sheriff—wrongfully arrested and accused her of driving under the influence.   She says that once

---

[1] Green also sued Deputy Sheriff Scottie Montgomery.  Montgomery's summons was returned unexecuted.  And he did not join the motion to dismiss.

detained, DeSoto County Adult Detention overlooked her disability and withheld her medication. Green claims she suffers anxiety and depression requiring therapy and medications. And she asks for $3,000,000 in compensatory damages and $3,000,000 in punitive damages.

Green's complaint included the court record abstract from the DeSoto County Justice Court. And that record shows the February 24, 2022 DUI charge was *nolle proseqed*. More than three years later, on November 11, 2025, Green signed her complaint. After that, on November 24, 2025, she filed it in this Court.

The Defendants moved to dismiss Green's complaint. They argued insufficient service of process and failure to state a claim. They insist Green could not separately sue DeSoto County Adult Detention because it is part of the County. And they assert that Green failed to properly serve the County. But the gist of their argument is that Green's claim fails on its face. That's because she filed her complaint outside three-year statute of limitations—the limitations period governing § 1983 claims in Mississippi.

**Dismissal Standard**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). And "[t]o be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This Court will accept "all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). But where a "complaint makes plain that the claim is time barred and raises no basis

2

for tolling[,]" the right to relief has not risen above the speculative level to survive a Rule 12(b)(6) motion to dismiss.[2] *Vela v. Compton*, No. 24-40302, 2024 WL 4891786, at *2 (5th Cir. Nov. 26, 2024) (per curiam) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

**Discussion**

*Failure to State a Claim*

Because it is dispositive, we need only address the statute of limitations issue.[3]

In Mississippi, § 1983 actions are governed by Mississippi's general three-year personal injury limitations period. *James by James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (citing *Owens v. Okure*, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989)); *see also* Miss. Code Ann. § 15-1-49. That limitations period begins to run when a plaintiff becomes aware he suffered an injury or had sufficient information to know he had been injured. *Ball v. Hinds Cnty. Dept. of Human Servs.*, No. 3:12-cv-756-DPJ-FKB, 2013 WL 228096, at *2 (S.D. Miss. Jan. 22, 2013) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)).

Here, Green was required to bring her § 1983 claim within three years after her cause of action accrued. And her cause of action accrued—at the latest—on February 24, 2022 when the justice court dismissed her DUI charge. But even assuming her action accrued on the later *nolle prosequi* date, the statute of limitations only carries forward to February 24, 2025. And Green did not file her complaint until November 24, 2025—nine months too late. So it is obvious from her complaint's face that she failed to bring her § 1983 claims within the three-year statute of limitations. Therefore, her claims are time barred.

---

[2] Federal Rule of Civil Procedure 12(b)(6)

[3] Green concedes she improperly named DeSoto County Adult Detention as a defendant and failed to properly serve DeSoto County. Her response to the Defendants' motion does not argue these issues. And failure to address the argument waives the argument. *See Jaso v. The Coca Cola Co.*, 435 Fed. Appx. 346, 358 n.12 (5th Cir. 2011).

*Equitable Tolling*

Though Green's § 1983 claims are untimely, she argues that her anxiety, depression, and mental issues should toll the limitations period. She also suggests the Americans with Disabilities Act allows her complaint to stand. But the Court sees no sufficient facts in her complaint requiring it to equitably toll the statute of limitations.

"[E]quitable tolling applies only in 'rare and exceptional circumstances.'" *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)). And bare allegations of mental illness do not meet this standard. *See Robinson v. Mississippi*, No. 4:25-cv-76-SA-JMV, 2026 WL 50150, at *6 (N.D. Miss. Jan. 7, 2026). Aside from the high federal bar for equitable tolling, this Court also looks to Mississippi's tolling provisions for § 1983 claims. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) ("A federal court applying a state statute of limitations should give effect to the state's tolling provisions as well."). In Mississippi, a limitations period may also be equitably tolled when a defendant's misrepresentation causes the plaintiff's delay in filing. *Clearman v. Pipestone Prop. Servs., LLC*, 374 So. 3d 1254, 1260 (Miss. Ct. App. 2023) (citing *Smith v. Franklin Custodian Funds, Inc.*, 726 So. 2d 144, 149 (Miss. 1998)).

But Green's complaint includes only naked allegations of anxiety, depression, and "psychotic features." Even taking these assertions as true, Green still failed to allege how her mental issues caused her complaint to be untimely. In short, Green shows no "extraordinary circumstances" that kept her from timely filing her complaint. Nor has she shown any misrepresentation by the Defendants. Because Green's complaint was filed too late, her claims are time barred.

4

**Conclusion**

For these reasons, the Defendants' Motion to Dismiss [10] is **GRANTED**. Green's claims against DeSoto County Adult Detention, DeSoto County, and Major Steve Palmer are **DISMISSED with prejudice**.

This case is **CLOSED**.

**SO ORDERED**, this the 2nd day of April, 2026.

        /s/ James D. Maxwell II
        UNITED STATES DISTRICT JUDGE
        NORTHERN DISTRICT OF MISSISSIPPI